IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
───────────────────────────────────────────────────────────────

JOEL J. HELDING,

                      Petitioner,                      OPINION and ORDER

    v.

                                                      22-cv-675-wmc
UNITED STATES OF AMERICA,                      18-cr-39-wmc

                      Respondent.
───────────────────────────────────────────────────────────────

      Petitioner Joel J. Helding seeks relief under 28 U.S.C. § 2255 following his guilty plea to drug and firearm charges. He contends that his counsel provided ineffective assistance by failing to request a shorter term of supervised release after this case was remanded by the Seventh Circuit for resentencing. The court will deny the petition because Helding's allegations are plainly refuted by the record.

## BACKGROUND

      In August 2018, Helding pleaded guilty to possession with intent to distribute 100 kilograms or more of marijuana and possession of a firearm in furtherance of drug trafficking. The quantity of marijuana involved in the offense triggered a minimum mandatory term of imprisonment of 5 years to a maximum of 40 years, and a minimum term of supervised release of 4 years to a maximum of life. Before his original sentencing, the government filed an information under 21 U.S.C. § 851, enhancing his minimum mandatory sentence to 10 years, with a maximum sentence of life, and at least an 8-year term of supervised release to a maximum of life supervision.

At sentencing, the court found Helding accountable for dealing of methamphetamine, in addition to the marijuana, based on an application of the relevant conduct rule in the Sentencing Guidelines, U.S.S.G.§ 1B1.3(a)(1)(B), and sentenced Helding to 18 years imprisonment and 8 years of supervised release. *United States v. Helding*, 18-cr-39-wmc-1 (dkt. #59). Helding appealed, however, and the Seventh Circuit concluded that the sentencing record did not support consideration of the methamphetamine under the relevant conduct rule, because there were insufficient details in the record to show the reliability of the confidential informant-provided information. *United States v. Helding*, 948 F.3d 864, 866 (7th Cir. 2020). As a result, the case was remanded for resentencing.

Before the resentencing, Helding's counsel, Payal Khandhar, objected to the application of the § 851 enhancement. The enhancement had been based on Helding's Wisconsin amphetamine-related convictions which had, in the intervening years, been held by this district to be too overbroad to fit within the federal category "felony drug offenses," as defined in 21 U.S.C. § 802(44) and the federal Controlled Substances Act. *See United States v. Vinson*, No. 20-CR-13-JDP, 2020 WL 6336031, at *3 (W.D. Wis. Oct. 9, 2020). Thus, Wisconsin amphetamine convictions could no longer be relied upon as a basis for the § 851 enhancement. At the resentencing, the government conceded that under the *Vinson* decision from this district, decided after Helding's original sentencing, Helding's prior drug convictions for methamphetamine or amphetamine were not valid predicates for the § 851 enhancement. The court agreed, resulting in the range of Helding's penalties being reduced to a mandatory term of imprisonment of 5 to 40 years, with supervised release of 4 years to life. The court then imposed 96 months imprisonment on count 1, followed by 60 months imprisonment on count 2, to be served consecutively. This total of 13 years of imprisonment was to be followed by 8

years supervised release on count 1, with 5 years of supervised release on the second count, to run concurrently.

OPINION

Section 2255 provides a federal prisoner with the means to collaterally attack the propriety of his sentence. Relief under this statute is an "extraordinary remedy," and therefore only available in limited circumstances. *Coleman v. United States*, 79 F.4th 822, 826 (7th Cir. 2023). One such circumstance is where defense counsel's representation is so ineffective that it violates the defendant's Sixth Amendment rights. U.S. Const. amend. VI; *Strickland v. Washington*, 466 U.S. 668, 686 (1984). Helding contends that his counsel's performance was constitutionally deficient at resentencing because she focused only on the § 851 enhancement and the appropriate term of imprisonment but failed to request a term of supervised release lower than 8 years on remand.

Under *Strickland*, Helding is not entitled to collateral relief on his claim unless he can establish that (1) his attorney's "performance was deficient" and (2) "the deficient performance prejudiced the defense." 466 U.S. at 687. To prove deficient performance, Helding must show that counsel's performance "fell below an objective standard of reasonableness" as measured by prevailing professional norms. *Id.* at 688. To prove prejudice, Helding must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

Helding cannot satisfy either prong of the *Strickland* analysis, as the record demonstrates that his counsel rendered more than adequate constitutional representation. Although the Seventh Circuit did not remand on the prior drug conviction enhancement under § 851,

Helding's counsel successfully challenged the application of the enhancement, which reduced his statutory sentence exposure and supervised release ranges. However, the court was still within its discretion to sentence up to the maximum 40 years imprisonment and life supervision on supervised release. Counsel argued regarding an appropriate term of imprisonment at sentencing, presenting evidence about Helding's conduct in prison, and the court chose a sentence within the lawful ranges. The court noted that Helding's term of supervised release would give him the opportunity to obtain the drug treatment and psychological services he needed. (Resent. trans., 18-cr-39-wmc-1 (dkt. #113) 16–17.) There was no error during sentencing to which Helding's defense counsel, or any competent attorney, could object.

Other than Helding's own speculation that the court may have given him a lower period of supervised release had counsel requested it, he offers no evidence that the court erred in the sentencing calculations or imposition of the sentence within the lawful ranges. Similarly, he offers no evidence that his attorney either could have, or should have, objected to the court's imposition of a lawful sentence within the ranges that all parties and the court agreed were proper. Helding's own speculation is insufficient to overcome the strong presumption that counsel's performance "[fell] within the wide range of reasonable professional assistance." *See Strickland*, 466 U.S. at 689; *see also United States v. Jackson*, 103 F.3d 561, 575 (7th Cir. 1996) (petitioner bears the burden of establishing both prongs of the *Strickland* test). Therefore, Helding has failed to demonstrate either deficiency on the part of his attorney, nor any prejudice.

The only question remaining is whether to grant Helding a certificate of appealability. The court may issue a certificate of appealability only if Helding makes "a substantial showing

of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Because the court denied Helding's claim on the merits, to obtain a certificate of appealability, he "must demonstrate that reasonable jurists would find [the court's] assessment of the constitutional claim debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 474 (2000). Because Helding cannot show that, the court will deny a certificate of appealability. Helding may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.

ORDER

IT IS ORDERED that:

1. Petitioner Joel Helding's petition to vacate (dkt. #1) is DENIED, and a certificate of appealability is DENIED.

2. The clerk of court is directed to enter judgment and close this case.

Entered 2nd day of May, 2024.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge